MEYER GOLDMAN *vs.* TAX COMMISSIONER.

Suffolk.   April 8, 1918. — June 25, 1918.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & PIERCE, JJ.

*Tax,* On income.  *Pawnbroker.*

The interest received by a pawnbroker in the course of his business lawfully may be taxed at the rate of six per cent under St. 1916, c. 269, § 2 (a), imposing a tax at that rate on income from "money at interest" and is not taxable under § 5 (b) of the same chapter, imposing a tax at the rate of one and a half per cent on income "derived from professions, employments, trade or business" and providing that "Interest and dividends taxable under section two of this act shall not be taxed under this section."

PETITION, filed in the Superior Court on January 15, 1918, under St. 1916, c. 269, § 20, appealing from the refusal of the Tax Commissioner to abate an income tax of six per cent assessed on the sum of $871 received by the petitioner during the year 1916 in his business of pawnbroker and dealer in second hand articles carried on by him at his shop on Washington Street in Boston.

The answer of the Tax Commissioner filed by the Attorney General alleged that the petitioner was engaged in the business of lending money as a pawnbroker upon the security of tangible personal property; that in connection with all such loans made by him a ticket in the form annexed to the petition, duly filled out, was issued to the borrower; that the amount of $871, received as alleged in the petition from dealing and trafficking in pledges and carrying on the business of a pawnbroker, consisted entirely of amounts paid to the petitioner as compensation for loans made by him as a pawnbroker, and was the total amount paid to him during the year by customers redeeming pledges in excess of the amounts lent and repaid; that accordingly the amount of $871 described in the petition constituted interest subject to taxation under the provisions of St. 1916, c. 269, § 2, and that the tax described in the petition was assessed in accordance with the provisions of that statute.

The case came on to be heard before *Chase,* J., and, the petitioner agreeing that the allegations of fact contained in the respondent's

answer were true, and there being thus an agreement as to all material facts, at the request of the parties the judge reported the case for determination by this court without making any decision thereon.

The case was submitted on briefs.

*E. N. Hill & J. Nelson,* for the petitioner.

*H. C. Attwill,* Attorney General, *W. H. Hitchcock,* Assistant Attorney General, for the Commonwealth.

LORING, J.   The question in this case is whether money received by a pawnbroker by way of interest on loans made by him in the course of his business should be taxed at six per cent under § 2 of the income tax act (St. 1916, c. 269) or at one and one half per cent under § 5 of that act.

The petitioner, who is a pawnbroker and a dealer in second hand articles, received $871 as interest on loans made by him as a pawnbroker.   A tax was assessed upon him at the rate of six per cent on the ground that the $871 was received by him as interest from  . . . money at interest" within St. 1916, c. 269, § 2 (a).   The petition now before us is brought to obtain an abatement of that tax.   If the $871 was not taxable under § 2, no tax was due from the petitioner because the net income received by the petitioner from his whole business did not exceed $2,000.

The petitioner's first contention is that, under and by force of the decisions of this court construing the tax acts in force before the enactment of the income tax act here in question, "money at interest" did not include money lent by a pawnbroker in the course of his business and for that reason the same words in St. 1916, c. 269, § 2 (a), do not include money so lent.   The second contention of the petitioner is that interest received on money lent by him as a pawnbroker is taxable under § 5 and not under § 2 because it is money "received from dealing and trafficking with tangible personal property" and that the proposition that it is money "received from dealing and trafficking with tangible personal property" was established by the decisions of this court before the income tax act here in question was enacted.   Both contentions are based upon the decision made in *Boston Loan Co.* v. *Boston,* 137 Mass. 332.   We do not find it necessary to determine how far the conclusion drawn in the petitioner's first contention is or is not correct.   The second contention is founded on a mis-

apprehension of the decision made in *Boston Loan Co.* v. *Boston, ubi supra.* What was decided in that case was that a pawnbroker's place of business was a shop within Gen. Sts. c. 11, § 12, cl. 1, because in lending money at interest a pawnbroker carries on the business of trafficking in money and the pledgee's title to tangible personal property acquired by him as security for money so lent is a part of his stock in trade in the same sense that the fixtures at his place of business are a part of his stock in trade and taxable as such in the town where he had his place of business or shop on the first day of May within Gen. Sts. c. 11, § 12, cl. 1. It was not there decided nor does it follow from what was there decided that interest received on loans made by a pawnbroker is not in fact income received from money at interest, much less that such interest could not be treated by the Legislature as such.

There would be great force in the proposition that interest received on loans made by a pawnbroker or (as in the case at bar) by a pawnbroker and dealer in second hand articles in the course of his business as a pawnbroker is income from "professions, employments, trade or business" within § 5 and not income derived by way of "interest from . . . money at interest" within § 2 (a) were it not for the clause at the end of § 5 which provides that "Interest and dividends taxable under section two of this act shall not be taxed under this section."

This clause at the end of § 5 is a direct implication that interest and dividends received as part of an income "derived from professions, employments, trade or business" can be taxed as income under § 2. In other words this clause at the end of § 5 is a direct implication that the tax commissioner can analyze the income "derived from professions, employments, trade or business" and tax at six per cent so much of it as is income within § 2 and the balance of that income "from professions, employments, trade or business" at one and one half per cent.

This consideration is decisive of the question now before us.

It follows that the tax imposed upon the interest amounting to $871 received by the petitioner in the course of his business as a pawnbroker was taxable under St. 1916, c. 269, § 2, and the entry must be

*Petition dismissed.*