ELIZABETH F. PARKER *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Norfolk.    March 2, 1926. — May 25, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Tax*, On income. *Partnership. Commissioner of Corporations and Taxation. Words*, "Interest."

An inhabitant of this Commonwealth in 1923 was called a "special partner" of a partnership, having its usual place of business in Chile, in articles, which placed his contributions toward capital at the risk of the business as were those of the general partners except that his liability was limited to the amount of his contribution; which provided that "interest" should be credited on the contribution of capital of all the partners, general and special, and then that the balance of net income remaining should be divided as profits; and which created no relation of debtor and creditor between the "special partner" and the partnership. *Held*, that

(1) The "special partner's" income from capital so invested was profits derived from the business;

(2) The fact that some of the income was called interest was immaterial so long as in fact it was profits derived from the business as such;

(3) Taxation of such income should be under § 5, (b) of G. L. c. 62, and not under § 1, (a);

(4) Cl. (e) of said § 5 was not applicable.

COMPLAINT, filed in the Superior Court on May 20, 1925, under G. L. c. 62, § 47, seeking an abatement of $561.47

of a tax of $1,337.05 assessed in 1924 upon income of the complainant for the year 1923.

Material allegations of the complaint are described in the opinion. The respondent demurred on the ground "that the amounts referred to in the complaint as having been received by the complainant as special partner were taxable under G. L. c. 62, § 1, cl. (a), and not under G. L. c. 62, § 5, cl. (b), as claimed by the complainant, and that the tax referred to in said complaint was lawfully assessed and was in every respect valid."

The demurrer was heard by *Brown*, J., and was overruled. The respondent appealed.

Material provisions of G. L. c. 62, §§ 1, 5, are as follows:

"Section 1. Income of the classes described in subsections (a), (b), (c) and (e) received by any inhabitant of the Commonwealth during the preceding calendar year, shall be taxed at the rate of six per cent per annum.

"(a) Interest from bonds, notes, money at interest and all debts due the person to be taxed, . . ."

"Section 5. Income of the following classes received by any inhabitant of the Commonwealth during the preceding calendar year shall be taxed as follows: . . .

"(b) The excess over two thousand dollars of the income, as defined in section six, derived from professions, employments, trade or business shall be taxed at the rate of one and one half per cent per annum. . . .

"(e) Interest and dividends taxable under section one shall not be taxed under this section."

Certain of the rulings and regulations of the commissioner of corporations and taxation were as follows:

"13016. Special partners are not deemed to be partners for the purpose of the law and both the partnership and such special partner shall return their respective incomes as though no such partnership relation existed. It follows that interest received by a special partner upon his capital is taxable to him as interest and is deductible by the partnership from the taxable business income."

"13023. All receipts by special partners from the partnership with which they are connected are deemed to be interest

taxable at 6 per cent. (6½ per cent. for the taxes of 1919, 1920, 1921 and 1922), even though the share may be computed in whole or in part as a share in the profits of the partnership."

*A. Lincoln,* Assistant Attorney General, for the defendant.

*P. S. Parker,* for the plaintiff.

CROSBY, J. This is a complaint against the commissioner of corporations and taxation in which the complainant seeks to have abated a portion of an income tax assessed in 1924, on income received in the year 1923. The respondent demurred to the complaint; the demurrer was overruled, and the respondent appealed. The question presented is, whether income received by the complainant (an inhabitant of this Commonwealth) as a special partner in the firm of Wessel, Duval and Company (a partnership having its principal place of business in Valparaiso in the Republic of Chile) was income from money at interest under G. L. c. 62, § 1 (a), or was income derived from trade or business under G. L. c. 62, § 5 (b).

This firm engages chiefly in the importation and sale of foreign merchandise, in large measure the products of South America, and also in the exportation and sale of products of the United States. The complainant first became a special partner in the firm on January 1, 1918, under a partnership agreement which expired on December 31, 1922. At that time a new agreement was formed and went into effect for a term of five years from January 1, 1923. Copies of these agreements are annexed to the complaint. In the first agreement the complainant contributed capital to the amount of $100,000, and to her share of a reserve fund of $10,000, which sums were later reduced by mutual agreement to $50,000 and $5,000 respectively. At the expiration of the term of the first partnership agreement, all unsettled matters were turned over to the new partnership formed under the second agreement for adjustment and liquidation, and during the year 1923 the complainant received under Article 3 of the first agreement, what was there called interest amounting to $1,500; and on her reserve account, under Article 5 of the same agreement what was there called interest amounting to $150; she also received as profits under said

Article 5 $409.47. Under the second partnership agreement she furnished capital amounting to $250,000, and during the year 1923 she received under Article 3 what was there called interest, the sum of $7,500.

The complainant alleges in her complaint that the tax assessed in 1924 upon her income in 1923, which was $1,337.05, included a tax computed at the rate of six per cent upon these four items under G. L. c. 62, § 1 (a) as money at interest; and that if the tax upon these four items had been assessed as business income at the rate of one and one half per cent under G. L. c. 62, § 5 (b) her entire assessment would have been lessened by $561.47, which amount she seeks to have abated.

It is the contention of the respondent that, as the greater part of the income in question was received by the complainant as "interest" on the capital contributed by her as a special partner, and as she had no right of management in the affairs of the firm and is liable only to the extent of the amount contributed by her as capital for firm losses, the money so received was money at interest within the meaning of the statute.

While this contention is in accordance with the rules and regulations adopted by the commissioner numbered 13016, and 13024, relating to special partners, the rights of the complainant are not affected thereby upon the facts disclosed by this record. Although she is termed a special partner, her income from the capital invested is determined upon the basis of the profits and losses of the business. Her contributions of capital are at the risk of the business the same as the contributions of a general partner, except that her liability for losses is limited to the amount of capital contributed. The partnership agreements here considered provide that "interest" shall be credited on the contributions of capital of all the partners, general and special, and then that the balance shall be divided as profits. This "interest" and the profits are each charged to the profit and loss account. The interest and profits so divided are a division of profits derived from the business. The provision

that "interest" shall be credited means that there is to be a division of profits equal to an amount of interest at six per cent, before the division of the remaining profits is to be made. All the money so divided, either as interest or profits, is a division of the profits which have accrued during the year from the conduct of the business. It is not interest on her contributions of capital; she is not a creditor who has lent money to the partnership. No relation of debtor and creditor exists between her and the firm. The fact that some of the income is called interest is immaterial so long as in fact it was profits derived from the business as such.

In *Holcombe* v. *Commissioner of Corporations & Taxation*, 245 Mass. 353, the articles of copartnership provided that upon the death of a partner the partnership should not be dissolved and that a portion of the shares of such deceased partner might remain in the firm; but it was expressly stipulated that the representatives of his estate should not be partners or have other rights or liabilities of a partner. It was there held that under St. 1916, c. 269, § 2 (a), now G. L. c. 62, § 1 (a), income received by trustees under the will of the deceased partner was taxable as money at interest, and was not income or profits received from the business. It is manifest that the facts in that case are distinguishable from those in the case at bar. There is nothing in the decision in *Goldman* v. *Tax Commissioner*, 230 Mass. 554, at variance with the conclusion reached in the present case.

G. L. c. 62, § 5 (e) does not apply to the facts here presented. It applies where income is received as interest on money lent, money on deposit or money at interest, and also income from business. If a partnership receives these two kinds of income the commissioner may tax the money derived by the partnership from money at interest at six per cent, and if he does so it cannot also be taxed as business income. This provision of the statute does not allow the commissioner to decide what shall be called interest, but authorizes him to decide only whether interest received by the partnership from money at interest shall be taxed in one of two ways. As all the income received by the complainant,

whether called interest or profits, was received from the capital invested by her in the partnership, it is plain that cl. (e) of § 5 is not applicable.

It follows that the demurrer was rightly overruled.

*Order overruling demurrer affirmed.*