APPEAL OF R. W. ARCHBALD, JR., AND HARRY S. MESIROV, EXECUTORS OF THE ESTATE OF FRANZ EHRLICH, JR.

Docket No. 4695.   Decided. July 29, 1926.

The deceased was a member of a partnership. He reported his income on the basis of a calendar year and it reported its income on the basis of a fiscal year ending January 31. He died August 15, 1920. *Held*, that only his distributive share of its net income for its fiscal year ending January 31, 1920, should be included in his return for 1920.

*Harry S. Mesirov, Esq.*, for the petitioners.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before MARQUETTE, MORRIS, GREEN, and LOVE.

This appeal is from the determination of a deficiency in income taxes for the taxable period January 1, 1920, to August 15, 1920, in the sum of $1,116.68.

FINDINGS OF FACT.

Franz Ehrlich, Jr., a resident of Pennsylvania, died August 15, 1920. The petitioners herein are the executors of his estate. Prior to his death the deceased was a member of the partnership of Ehrlich & Archbald. This partnership's accounts were kept on the basis of a fiscal year ending January 31. The partnership return for the fiscal year ending January 31, 1920, reported $15,164.84 as the deceased's distributive share of the partnership income for that period. The deceased had made his return upon a calendar year and cash receipts and disbursements basis. His return for 1920 was prepared by his executors, and therein they included as income from the partnership his distributive share of the partnership income for the fiscal year ending January 31, 1920.

The surviving partner, for the purposes of liquidation, continued the business until January 31, 1921, at which time he credited the decedent's estate with $11,266.32. This amount was returned by the executors as income for 1921.

The Commissioner prorated the above amount to the period begining January 31, 1920, and ending August 15, 1920, and added the amount so obtained to the deceased's income for the year 1920.

OPINION.

GREEN: The question thus presented is: Should the individual income of the deceased be increased by the amount of partnership income attributable to the period between the close of its fiscal year

and the date of his death, his distributive share of the net income for the partnership fiscal year ending within his calendar year having already been reported as income? This is but another way of asking whether, by reason of death, the net income of the deceased should include his distributive share of the net income of the partnership for a period of eighteen and one-half months instead of his share of the income for twelve months.

Both parties to this appeal base their contentions upon paragraphs (a) and (d) of section 218 of the Revenue Act of 1918, which read as follows:

Sec. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.

The partner shall, for the purpose of the normal tax, be allowed as credits, in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the partnership.

*     *     *     *     *     *     *

(d) The net income of the partnership shall be computed in the same manner and on the same basis as provided in section 212 except that the deduction provided in paragraph (11) of subdivision (a) of section 214 shall not be allowed.

The deceased reported his income on the calendar year basis and the partnership reported its income on the fiscal year basis. The partnership's regular accounting period ended January 31, 1920, which was prior to the date of the death of the deceased. Had he lived through the calendar year 1920 he would have reported as income from the partnership only his distributive share of its income for the period ending January 31, 1920. His death in 1920 ended his accounting or taxable period. His executors reported as his income from the partnership only his share of its income for its fiscal year ending January 31, 1920. The Commissioner seeks to include also his share of the partnership income accumulated between January 31 and August 15, 1920. This he does upon the theory that the death of a partner dissolves a partnership and that the dissolution of a partnership terminates its taxable period. Both parties, of course, agree that the death of a partner dissolves a partnership, and the question is thus narrowed down to the correctness of the Commissioner's second proposition; and the question is whether the dissolution of a partnership terminates its taxable period.

At the outset it is advisable to mention that, so far as returns of income from the partnership are concerned, the dissolution affects the deceased and the surviving partner alike. The partnership's taxable period is the same for either.

The affairs of a partnership must be wound up either before or after dissolution. This process of liquidation may in itself require more than a year. Its debts must be paid, its accounts must be collected, its contracts must be performed, its assets must be sold or distributed in kind and all of its business affairs must be terminated and disposed of. All of this will have a material bearing, not only upon the income of the partnership, but upon the income of the individual partners as well. For example, the day following the dissolution the partnership may sell an asset with a resultant gain or loss sufficient to wipe out all loss or gain which it had had since the end of its last fiscal year.

The twelve-month accounting period is one of the cornerstones of our tax structure. In addition to the statutory provisions, the taxpayers have the protection of the regulations of the Commissioner of Internal Revenue. These have uniformly adhered to the principle of a twelve-month accounting period, and exceptions have been made only for cases where the taxpayer himself seeks to change his accounting period or where he shows that no accurate computation of income from certain classes of transactions may be made. Section 218(a) was drafted in part to preserve to the individual partner the right to return, in any one year, as income from the partnership, only his distributive share of its income for one year, and this without regard to whether their taxable years begin and end at the same time.

If the dissolution of a partnership automatically shortens its taxable year to a taxable period, the surviving partner may be deprived of his right to report only his twelve months' income from the partnership and be compelled to report as income his distributive share of its income for a longer period.

It is true, of course, that earnings of a partnership are the property of the individual partners as soon as earned. This legal theory has not, however, been applied in the computation of net income for the purpose of taxation. The statute expressly recognizes definite accounting periods for the partnership, for the partner, or for both, and has used the calendar or fiscal year as the measure. Calendar and fiscal years are but twelve-month accounting periods. During the existence of the partnership a partner's taxable income therefrom is not measured by his share of the partnership earnings as they are earned but, on the contrary, the statute requires that it be measured by his share of its *net income* during its accounting period, *computed*

*at the close of such period*, and this entirely without regard to distribution or ownership. The principle of requiring and permitting the computation of income on the basis of a twelve-month accounting period was strictly adhered to.

The Solicitor of Internal Revenue has recognized that the dissolution of a corporation does not terminate its accounting period and that it is entitled to have its tax computed upon its net income for its regular accounting year even though it be dissolved during that period. It seems to us that the reasons for such a holding are equally applicable to the case of the dissolution of a partnership.

To adopt the construction of the statute contended for by the Commissioner would necessitate a departure from the twelve months principle. This would be true not only as to the income of the deceased partner but also as to the income of the surviving partner who carried on the affairs of the partnership during the period of liquidation. Under the Commissioner's theory it would be entirely possible for a partnership to have three accounting periods during a fiscal year, the income from each of which would have to be included in the calendar year return of the surviving partner. The first would be the fiscal year ending within the partner's calendar year; the second would be the period commencing with the opening of the new fiscal year and ending with the death of the partner; and the third, the period commencing at the death of the partner and ending with the liquidation of the partnership within its fiscal year.

It seems clear to us that the death of a partner does not shorten the partnership's fiscal or calendar year to an accounting period terminating at the death of the partner and that only a complete liquidation during the calendar or fiscal year terminates the accounting period. This partnership has but one accounting period ending in 1920. The statutory net income of the partnership could not in this instance be computed before the close of its fiscal year. This being our view, we must hold that there should be included in the deceased's return of income for 1920 only his distributive share of the partnership net income for its fiscal year ending January 31, 1920.

Our conclusion does not dispose of any questions relating to the allocation and taxation of deceased partner's distributive share of the partnership income for the period beginning at February 1, 1920, and ending with the date of his death. The amount of the net income of this partnership for its year which includes that period can not be determined until January 31, 1921, and we have before us only the year 1920.

*Judgment for the petitioners.*

SMITH and TRAMMELL dissent.