Considered by LANSDON, STERNHAGEN, and GREEN.

JOHN A. L. BLAKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7461.   Promulgated December 19, 1927.

*George H. B. Greene, Jr., Esq.,* for the petitioner.
*A. H. Murray, Esq.,* for the respondent.

OPINION.

MURDOCK: The petitioner contends that he contributed to the capital of the partnership of Blake Brothers & Co., and that all of the income which he received from Blake Brothers & Co. either by way of interest as provided in Article Third of the copartnership agreement or as a portion of the net gains and profits in accordance with Article Sixth of the copartnership agreement, constituted his dis-

tributive share of the net income of the partnership for the taxable year in question, and that he should be entitled to the same fractional part of the total credits and deductions to which the partnership was entitled as this total distributive share of the net income of the partnership was of the total net income of the partnership, in short, that the so-called interest mentioned in Article Third was not in fact interest but was a part of his distributive share of the partnership net income. He contends further that the Commissioner determined that interest mentioned in Article Third was in fact interest and that the petitioner's distributive share of the net income of the partnership was .26 and, therefore, gave the petitioner only .26 of the deductions and credits to which the partnership was entitled.

From the facts before us, we are unable to determine what the Commissioner did. He admits that he adopted the changes made by the revenue agent but we do not know what changes the revenue agent made. However, at the trial counsel for the respondent stated that the Commissioner allowed the interest paid each of the partners on his capital contribution as an expense of the partnership before determining the distributive share of this partner, and that this distributive share as thus determined was in direct proportion to the share of the dividends, interest and other credits and deductions allowed this partner. Counsel for the respondent states the issue as being the same issue stated by counsel for the petitioner.

Various things are essential to the successful operation of a banking and brokerage business. Capital, clients and ability, are important factors. The partners may be able to supply these in varying proportions. Each contributes whatever he may have, a partnership is formed, and the partnership agreement may provide for the distribution of profits and losses among the partners in any proportion. It may be that the contribution of one partner is so essential and valuable that the others agree that his share of the profits shall be preferred. Capital may be of primary importance. If in the articles of copartnership first right to a share in the profits is given to those contributing capital and this preferred share is called interest, being equivalent to the amount of legal interest which the money might be expected to earn elsewhere, the fact remains that this so-called interest is a distribution of profits. The partnership agreement provides a method of distributing the profits which is in accordance with the wishes of the partners but it does not change profits to interest and expense. The share paid to each partner is paid for the contribution of money risked in the business as a part or all of the contribution of that partner. The latter does what he

can for the partnership and it may be that as a result of his contribution he will be rewarded in an amount exceeding 6 per cent on his money. How can it be said that he was not receiving partnership profits?

There would be no more reason to hold that this so-called interest was a true business expense than to hold that a share paid a partner, whose services were worth $10,000 and who contributed nothing else, was a business expense until it exceeded $10,000. In *Appeal of Executors of the Estate of S. U. Tilton*, 8 B. T. A. 914, we held that so-called salary of a partner was a part of his distributive share of the net income of the partnership.

In the case of *Parker* v. *Commissioner of Corporations and Taxation*, 255 Mass. 546; 152 N. E. 34, it was necessary to decide whether an amount designated "interest" paid to a special partner was income from money at interest or income from a trade or business. The complainant had contributed capital only. She received what the agreement called "interest." The court there said:

Although she is termed a special partner, her income from the capital invested is determined upon the basis of the profits and losses of the business. Her contributions of capital are at the risk of the business the same as the contributions of a general partner, except that her liability for losses is limited to the amount of capital contributed. The partnership agreements here considered provide that "interest" shall be credited on the contributions of capital of all the partners, general and special, and then that the balance shall be divided as profits. This "interest" and the profits are each charged to the profit and loss account. The interest and profits so divided are a division of profits derived from the business. The provision that "interest" shall be credited means that there is to be. a division of profits equal to an amount of interest at six per cent, before the division of the remaining profits is to be made. All the money so divided, either as interest or profits, is a division of the profits which have accrued during the year from the conduct of the business. It is not interest on her contributions of capital; she is not a creditor who has lent money to the partnership. No relation of debtor and creditor exists between her and the firm. The fact that some of the income is called interest is immaterial so long as in fact it was profits derived from the business as such.

The reasoning of the *Parker* case is sound and applies with even more force to a case such as ours where the partner receiving the so-called interest is a general partner. The distributive share of this petitioner in the net income of this partnership included the amount to which he was entitled as interest on his capital.

*Judgment will be entered on notice of 15 days, under Rule 50.*

Considered by Morris and Siefkin.