ABE J. DeROY AND AL J. DeROY, EXECUTORS, ESTATE OF LOUIS J. DeROY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29111.   Promulgated March 31, 1930.

*Louis Caplan, Esq.*, for the petitioners.
*Bruce A. Low, Esq.*, for the respondent.

MURDOCK: Section 218 (a) of the Revenue Act of 1924 provides that:

Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the taxable year upon the basis of which the partner's net income is computed.

The partnership accounting period was a fiscal year beginning February 1 and ending January 31; the decedent reported his income on the basis of a calendar year. The decedent was liable for tax, for the taxable period before us, only on his distributive share of the partnership income for the fiscal year ended January 31, 1924. There is no contention that the amount returned was not the proper amount to represent the decedent's distributive share of the partnership income for the fiscal year ended January 31, 1924. The death of the partner did not terminate or shorten the accounting period of the partnership and there was only one accounting period of the partnership ending in the decedent's taxable year before us. The surviving partners continued the business until the end of the next fiscal year, or until January 31, 1925, and in accordance with the partnership agreement the decedent's estate was entitled to his proportionate share of the partnership income for the full fiscal year in which his death occurred; no part of this income was distributable to the decedent during the period before us. The respondent erred in adding to the decedent's income for the period from January 1, 1924, to October 7, 1924, $19,006.50 or any other sum, representing the decedent's share of the partnership income from February 1, 1924, to the date of his death. See *R. W. Archbald, Jr., et al., Executors,* 4 B. T. A. 483, where we said:

It seems clear to us that the death of a partner does not shorten the partnership's fiscal or calendar year to an accounting period terminating at the death of the partner and that only a complete liquidation during the calendar or fiscal year terminates the accounting period. This partnership has but one accounting period ending in 1920. The statutory net income of the partnership could not in this instance be computed before the close of its fiscal year. This being our view, we must hold that there should be included in the deceased's return of income for 1920 only his distributive share of the partnership net income for its fiscal year ending January 31, 1920.

Our conclusion does not dispose of any questions relating to the allocation and taxation of deceased partner's distributive share of the partnership income for the period beginning at February 1, 1920, and ending with the date of his death. The amount of the net income of this partnership for its year which includes that period can not be determined until January 31, 1921, and we have before us only the year 1920.

*Ethel D. Hearn, Administratrix*, 9 B. T. A. 1362; *C. A. Tooke*, 17 B. T. A. 690; *J. E. Reynolds*, 17 B. T. A. 693; *Henry W. Healy et al.*, 18 B. T. A. 27; *Bankers' Trust Co.* v. *Bowers*, 295 Fed. 89.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*