BEVERLY W. SMITH, ADMINISTRATOR OF THE ESTATE OF RICHARD H. LYNCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45908.   Promulgated August 9, 1932.

*Leland T. Atherton, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

OPINION.

MARQUETTE: The petitioner contends that under section 218 (a) of the Revenue Act of 1924 the principle of " constructive receipt " of income applies only to general partners in the ordinary common law partnership and hence is not applicable in the proceeding before us.   Reliance is placed upon the statement in *Goldman et al., Executors*, 15 B. T. A. 1341, and also in *Burk-Waggoner Oil Ass'n* v. *Hopkins*, 269 U. S. 110, that " the term partnership as used in section 218 refers only to ordinary partnerships."   In the *Burk-*

*Waggoner Oil Ass'n* case the court was dealing with a joint-stock association and made use of the quoted statement in distinguishing such an association from a partnership. We find nothing in the statement or in its context to indicate that the court interpreted the statute as excluding limited partnerships from its scope, and we think petitioner has misconstrued the effect of the words quoted.

Similarly, in the *Goldman* case, *supra*, the quoted statement was used in a general discussion of partnerships in a proceeding having no question of general or limited partnerships for decision. Hence, the statement, even if we concede to it the meaning claimed by petitioner, is merely *obiter dictum*. In our opinion the statute in question applies to members of both limited and general partnerships. *Burns et al., Exec.*, 13 B. T. A. 293.

The present proceeding closely resembles that of *Clarence B. Davison, Exec.*, 20 B. T. A. 856; affd., *per curiam*, 54 Fed. (2d) 1077. In that case we said:

The fact that the partnership business was to be continued by agreement until the end of the partnership's accounting period does not, in our opinion, mean that when the profits of the business for the year are finally determined at the end of the year a part thereof may not be properly attributed to the period when the decedent was alive and a part to the period after his death. * * * A case closely analogous to that with which we are concerned is *Maurice L. Goldman et al., Executors*, 15 B. T. A. 1341, where both the partnership and partner who died during the year were on the calendar year basis and the Board there held that the share of partnership profits allocable to the decedent for the period of the year prior to his death should be included in the return filed for the decedent for such year.

The petitioners seek to distinguish the *Goldman* case from the case at bar, on the ground that the partnership was on the receipts and disbursements basis in that case, whereas in the present case the accrual method is being followed, but we fail to see that a distinction can be drawn on this ground which would in one instance exclude from the return of the decedent the income of the partnership attributable to such decedent to the date of his death and in the other include it. In either event, what we are seeking to arrive at is the decedent's share of the partnership net income as of the date of his death. Even though such share, in the case at bar, might not be distributable until the end of the partnership's accounting period, such end would be within the calendar year for which a return was required to be filed on behalf of the decedent and all income of the partnership for such accounting period properly attributable to the decedent would be includable in such return whether distributed or not. And this would be true whether the decedent was on the cash or accrual basis.

In our opinion there is no fundamental distinction between the *Davison* case, *supra*, and the present proceeding. Petitioner does not dispute the method by which respondent computed the proportion of profits allocable to the decedent Lynch, nor the amount. We conclude, therefore, that the determination of deficiency was correct.

*Decision will be entered for the respondent.*