GUARANTY TRUST COMPANY OF NEW YORK, EXECUTOR, ESTATE OF LAMAR L. FLEMING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78362.    Promulgated April 21, 1936.

*Weston Vernon, Jr., Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

OPINION.

LEECH: The dominant issue is whether decedent's return for the period from January 1 to December 16, 1933, the date of his death, should include decedent's share of the partnership profits for the interval between July 31, 1933, the end of the partnership's fiscal year, and December 16, 1933, when decedent died. Both decedent and the partnership were on a cash receipts and disbursements basis.

The Revenue Act of 1932 is controlling. Section 182 (a) provides:

SEC. 182. TAX OF PARTNERS.

(a) GENERAL RULE.—There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year. If the taxable year of a partner is different from that of the partnership, the amount so included shall be based upon the income of the partnership, for any taxable year of the partnership ending within his taxable year.

The "taxable year" of the partnership differed here from the "taxable year" of the decedent, since such year of the partnership was its fiscal year ended July 31, 1933, and that of the decedent was the calendar year. Sec. 48 (a).[1] Thus the determination of decedent's taxable income for the period from January 1 to December 16, 1933, when he died, "*shall* be based upon the income of the partnership for any taxable year of the partnership ending within his taxable year." Sec. 182 (a), *supra*. A taxable year of the partnership ended on July 31, 1933. No other such year ended before decedent's death, unless decedent's death, *ipso facto*, terminated a second "taxable year" of the partnership.

The partnership contract provided for only one accounting period, which was at the close of the fiscal year. A provision for any other termination of the taxable year, except by mutual agreement, was not included in the contract. Article nine of the agreement reads in part as follows:

In the event of any dissolution of the co-partnership under any provision of this agreement or in any manner or for any cause whatsoever, the assets thereof shall be applied first, to the payment of the debts thereof; second, to the return of the capital invested therein by any partner hereto; and third, to the distribution of the profits or surplus in accordance with the provisions hereinabove set forth for the distribution of net gains and profits.

---

[1] SEC. 48. DEFINITIONS.

When used in this title—

(a) TAXABLE YEAR.—"Taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under this Part. "Taxable year" includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made. The first taxable year, to be called the taxable year 1932, shall be the calendar year 1932 or any fiscal year ending during the calendar year 1932.

The surviving partners, after decedent's death, carried on the partnership for the purpose of its liquidation, which was not completed until 1934. None of the proceeds of that liquidation were received by or available to decedent, and were not available to or received by petitioner, his representative, until 1934.

This partnership was a New York firm. Under the law of that state, not only the addition of a partner does not effect the dissolution of a partnership, (*Helvering* v. *Archbald*, 70 Fed. (2d) 720), but the death of the decedent partner, though it may cause dissolution, certainly does not terminate the "taxable year" of the partnership where, as here, the surviving partners continue it for purposes of liquidation. Partnership Law of New York, secs. 60, 61, and 62.[2]

As this Board held in *Abe De Roy et al., Executors*, 19 B. T. A. 452, upon identical facts arising under section 218 (a) of the Revenue Act of 1924, which is substantially the same as section 182 (a) of the Revenue Act of 1932, *supra*, here applicable:

\* \* \* The death of the partner did not terminate or shorten the accounting period of the partnership and there was only one accounting period of the partnership ending in the decedent's taxable year before us. \* \* \* See *R. W. Archbald, Jr., et al., Executors*, 4 B. T. A. 483, where we said:

"It seems clear to us that the death of a partner does not shorten the partnership's fiscal or calendar year to an accounting period terminating at the death of the partner and that only a complete liquidation during the calendar or fiscal year terminates the accounting period. This partnership has but one accounting period ending in 1920. The statutory net income of the partnership could not in this instance be computed before the close of its fiscal year. This being our view, we must hold that there should be included in the deceased's return of income for 1920 only his distributive share of the partnership net income for its fiscal year ending January 31, 1920."

To sustain respondent and include in decedent's taxable income, for the period prior to his death, the partnership income earned between July 31, 1933, the end of the partnership's fiscal year, and December 16, 1933, the date of decedent's death, would require our violation of the basic tenet of income tax law that such tax is assessed on the basis of a period of 12 months. See *Helvering* v. *Morgan's, Inc.*, 293 U. S. 121; *General Machinery Corporation*, 33 B. T. A. 1215. The Revenue Act of 1932, section 47, specifically provides for "Returns for a period of less than twelve months." See also section 48 (a), *supra*. The statute does not include a provision permitting

---

[2] § 60. Dissolution defined. The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business.

§ 61. Partnership not terminated by dissolution. On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed.

§ 62. Dissolution is caused:

\*          \*          \*          \*          \*          \*          \*

(4) By the death of any partner;

returns for a period of more than twelve months. This Board refused to increase such period in the *De Roy* case, *supra*, and in *R. W. Archbald, Jr., et al., Executors*, 4 B. T. A. 483. Both of those cases are directly in point. The *De Roy* case involved facts identical with those here, and it was decided after the appeal of *Maurice L. Goldman et al., Executors*, 15 B. T. A. 1341, which qualified the rule adopted in the *Archbald* case. See *United States* v. *Wood*, 79 Fed. (2d) 286; G. C. M. 2308, vol. VI–2 C. B. 229, 1927. Respondent cites *Maurice L. Goldman et al., Executors, supra; Clarence B. Davison, Executor*, 20 B. T. A. 856; affd., 54 Fed. (2d) 1077; *J. L. Hall et al., Executors*, 25 B. T. A. 1; *Beverly W. Smith, Administrator*, 26 B. T. A. 778; affd., 67 Fed. (2d) 167; *First Trust Co. of Omaha* v. *United States*, 1 Fed. Supp. 900; *Peoples-Pittsburgh Trust Co.* v. *United States*, 10 Fed. Supp. 139. None of these cases, nor any other to which our attention has been directed, disturbs the rule followed in the *Archbald* and *De Roy* cases in its application to the facts presented here.

The argument that the disputed income thus escapes income tax should be addressed to Congress, not to this Board. See *Commissioner* v. *City Bank Farmers Trust Co.*, 296 U. S. 85; *Sawtell* v. *Commissioner*, 82 Fed. (2d) 221.

Respondent's contention, that the returns filed by the surviving partners estop petitioner from taking his present position, is untenable. Those returns were filed without the consent of the Commissioner. In our view of the law just stated, which, of course, the surviving partners could not alter, these returns were neither authorized nor required. Revenue Act of 1932, sec. 189;[3] Regulations 77, art. 941.[4] But, aside from other frailties, the argument falls because it is not established that respondent relied upon any act of the decedent or petitioner to respondent's detriment. When petitioner took the position upon which he now stands, on instituting these proceedings, respondent could have then availed himself of any steps possible to him which were so prior to the filing of these returns. No statute of limitations prevented such steps. Revenue Act of 1932,

---

[3] SEC. 189. PARTNERSHIP RETURNS.

Every partnership shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowed by this title, and shall include in the return the names and addresses of the individuals who would be entitled to share in the net income if distributed and the amount of the distributive share of each individual. The return shall be sworn to by any one of the partners.

[4] ART. 941. *Partnership returns.*—Every partnership must make a return of income, regardless of the amount of its net income. The return shall be on Form 1065 and shall be sworn to by one of the partners. Such return shall be made for the taxable year of the partnership, that is, for its annual accounting period (fiscal year or calendar year, as the case may be), irrespective of the taxable years of the partners. (See sections 182 and 183 and articles 901–903.) If the partnership makes any change in its accounting period, it shall make its return in accordance with the provisions of section 47 and article 371. (See also article 744.)

sec. 275 (a).[5] The absence of that detriment here, alone, defeats the plea of estoppel. *Helvering* v. *Brooklyn City R. Co.*, 72 Fed. (2d) 274. The petitioner is sustained on the first and controlling issue.

The second issue relates to the propriety of respondent's action in including in decedent's prior-to-death return the open or uncollected commissions on sales by the partnership which were earned subsequent to the end of the partnership's fiscal year, and not collected until 1934, after the death of the decedent. Since the partnership was on a cash basis and the practice of the trade, in which the partnership was engaged, was that such commissions were not payable to the firm until 1934, after delivery in the execution of the sale, it is at least doubtful whether these commissions could be held to have been constructively received, even by the partnership before that year. Revenue Act of 1932, sec. 42.[6] *Avery* v. *Commissioner*, 291 U. S. 657. In any event, these commissions, even if constructively received by the partnership between July 31, 1933, and decedent's death, were earnings of the partnership. Thus, respondent's inclusion of them in decedent's income for the questioned period is precluded by the same rule applied above. *R. W. Archbald, Jr., et al., Executors, supra; Abe De Roy et al., Executors, supra.* The suggestion of respondent, that this item was not mentioned in the pleadings and therefore should not be considered now, is without merit. These commissions were merely a part of the partnership profits for the disputed period, all of which are in controversy. They were included in the stipulated facts upon which the case was submitted for determination.

Respondent refers to section 42 of the Revenue Act of 1934[7] as a "clarification of existing law." We disagree with that construction. That provision, in our judgment, changed the law. *Nichols* v. *United States*, 64 Ct. Cls. 241; Report of the Ways and Means Committee, p. 24, H. R. No. 704, 73d Cong., 2d sess. Neither the provision itself,

[5] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Except as provided in section 276—

(a) GENERAL RULE.—The amount of income taxes imposed by this title shall be assessed within two years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

[6] SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period.

[7] SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period.

nor the cited report, indicates its operation was intended to be retroactive. Thus it can not be so construed. *Shwab* v. *Doyle*, 258 U. S. 529. Cf. *Goldfield Consolidated Mines Co.* v. *Scott*, 247 U. S. 126.

The third issue involves the correctness of respondent's inclusion of two items of interest in decedent's taxable income for the period immediately prior to his death. These items consist of interest in the amount of $2,300 on his capital investment in the firm, and interest in the amount of $3,209.19 on the credit balance which decedent had left with the partnership.

The fourth article of the contract of the partnership is that:

All capital shall bear interest at the rate of six percent (6%) per annum, or at such other rate as mutually may be agreed upon between the partners, which interest shall be credited or paid at the end of each fiscal year during the continuance of the co-partnership and shall be charged to the expenses of the business.

But despite this proviso concerning the first item, we think both items, denominated interest, were merely partnership profits and taxable to decedent just as any other such profits. *Billwiller's Estate* v. *Commissioner*, 31 Fed. (2d) 286; certiorari denied, 279 U. S. 866; *John A. L. Blake*, 9 B. T. A. 651. These items were, therefore, also improperly included by respondent in decedent's taxable income here. *R. W. Archbald, Jr., et al., Executors, supra; Abe De Roy et al., Executors, supra.*

*Decision will be entered under Rule 50.*