GOLDFIELD CONSOLIDATED MINES COMPANY
*v.* SCOTT, AS COLLECTOR OF U. S. INTERNAL
REVENUE, FOURTH CALIFORNIA DISTRICT.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE
NINTH CIRCUIT.

No. 334. Argued March 4, 5, 6, 1918.—Decided May 20, 1918.

In computing its excise under the Corporation Tax Act of August 5, 1909, a mining corporation is not entitled to deduct from its gross income any amount whatever on account of depletion or exhaustion of ore bodies, caused by its operations for the year for which the tax is assessed.

It cannot deduct the cost value of the ore in the ground before it was mined, ascertained in compliance with the Treasury Regulations of February 14, 1911.

THE case is stated in the opinion.

*Mr. Henry M. Hoyt, 2d*, for Goldfield Consolidated Mines Company, submitted.

*The Solicitor General*, with whom *Mr. Wm. C. Herron* was on the brief, for Scott, Collector.

*Mr. Robert R. Reed*, by leave of court, filed a brief on behalf of the Investment Bankers' Association of America, as *amicus curiæ*.

MR. JUSTICE DAY delivered the opinion of the court.

This case is here upon certificate from the United States Circuit Court of Appeals for the Ninth Circuit, from which it appears that the Goldfield Consolidated Mines Company brought an action against Scott, United States Collector of Internal Revenue, Fourth California District, to recover certain taxes levied for the years 1909 and 1910 under the Corporation Tax Act of 1909. The District Court sustained a demurrer to the complaint, and entered judgment against the present plaintiff in error.

In the certificate the Circuit Court of Appeals sets out the allegations of the complaint as to the first cause of action, stating that the second cause of action need not be repeated as the facts are of the same character as those set out in the first. Omitting formal and unnecessary matters the Circuit Court of Appeals certifies as the allegations of the complaint, to which the demurrer was sustained, the following:

"The plaintiff below, and plaintiff in error herein, The Goldfield Consolidated Mines Company, is and was a corporation engaged in mining in the State of Nevada, which State is within the jurisdiction of the Fourth Internal Revenue District of California.

"An assessment of an excise tax under section 38 of the Act of Congress approved August 5th, 1909, entitled: 'An Act to Provide Revenue, Equalize Duties, and Encourage the Industries of the United States, and for other purposes,' was levied upon the plaintiff in error by the then Collector of Internal Revenue for the said District amounting to $41,890.91, upon an assessment of $4,189,091.61, which tax was paid under protest of the levy and assessment. The plaintiff in error had made a return of annual net income for that year, 1909, claiming a deduction for the value of the ore in the ground before it was mined, of 230,463 tons of ore, of the value in the ground before it was mined, of $5,646,940.46, upon the ground that such ore constituted exhaustion of the capital value of the property owned by it, and its protest against the assessment and levy was based thereon. Thereafter, the plaintiff in error made application for refund of said tax pursuant to sections 3220 and 3226 of the Revised Statutes, and based its claim to such refund upon the propriety of the deduction so claimed, and stated in said application that such exhaustion of capital assets constituted a depreciation within the meaning of the Act in question, and that the same would have more than offset the total net income of the plaintiff in error.

"Thereafter, during the pendency before the Commissioner of Internal Revenue of said application for refund, the plaintiff in error, by its duly authorized officials, made full explanation before the Commissioner of Internal Revenue, and offered full proof of the correctness in all respects of its said return of annual net income for the year 1909 and of all statements of fact contained therein, and while the Commissioner of Internal Revenue was holding said application under consideration, the plaintiff in error was duly and regularly granted by said Commissioner, leave to comply fully with the then rules and regulations of the Treasury Department embodied in

Treasury Decision 1675 promulgated February 14th, 1911, and particularly sections 80 to 89 thereof relating to depreciation of property of corporations whose business involved wasting assets, and like leave was so given to present to the Commissioner of Internal Revenue, an amended statement and return of annual net income for said year with explanations of fact in support thereof, and to ascertain the unit cost per ton of the estimated ore bodies belonging to the plaintiff in its various mining properties as of January 1st, 1909, and the estimated value of the ore in the ground before it was mined for the year 1909, by multiplying the said unit cost per ton by the total number of tons mined in said year, all of which was done, and the same was filed by the plaintiff in error during the time so provided." The rules and regulations are then set out.

\* \* \* \* \* \* \* \* \*

"In addition to the rules and regulations as above set out, the plaintiff in error was further required by the Commissioner of Internal Revenue to make a calculation for the year 1909 and of previous years of operation, to ascertain the total exhaustion of ore which had taken place in the operation of its mining properties, and to enter such amount of tonnage exhaustion, multiplied by the unit cost per ton, in its official corporate books of account, and also cause the same to be included in its printed annual report of that current year to its stockholders and the public with appropriate explanation thereof, all of which requirements were performed by the plaintiff in error in obedience to said orders of the Commissioner of Internal Revenue, and within the time granted therefor.

"The complaint alleged that the resulting figures so rendered in said return were and are in all respects true and correct, and resulted in a showing of net income measuring the excise tax under the rules and regulations

amounting to $765,380.02 upon which the tax would have been $7,653.80; it also appeared from said complaint that this compliance with the requirements of the Commissioner of Internal Revenue was made by the plaintiff in error without waiving its claim to the full deduction originally claimed.

"It further appears from the complaint, that in disobedience and disregard of the law and of the rules and regulations of the Treasury Department, the Commissioner of Internal Revenue disallowed the application for refund of the plaintiff in error in toto, which disallowance was communicated to the plaintiff in error December 29th, 1913, by the defendant in error, Collector of Internal Revenue, the then collector having succeeded to the office of the Collector of Internal Revenue who had originally levied the tax in question. The complaint alleges that no part of the said tax has been refunded or paid back, and that the same is still due and unpaid."

The questions propounded are:

"1. Under the provisions of paragraph 38 of the Act of Congress entitled: 'An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5th, 1909, (36 Statutes at Large, p. 11, at p. 112), is a mining corporation, for the purpose of determining its net income for the basis of taxation, entitled to deduct from its gross income any amount whatever on account of depletion or exhaustion of ore bodies caused by its operations for the year for which the tax is assessed?

"2. Is such a corporation under said Act, entitled in the ascertainment of its net income, to a deduction against gross proceeds from the mining and treatment of ores to the extent of the cost value of the ore in the ground before it was mined, ascertained in strict compliance with the rules and regulations of the Treasury Department of February 14th, 1911 (Tr. Dec. 1675)?

"3. Where such a corporation claimed originally in its return of net income under said Act a deduction for depreciation from exhaustion of ore for the year equal to the actual value of the ore in the ground before it was mined, and having been denied any deduction whatever for exhaustion of ore, and having been assessed accordingly and having paid the resulting tax, made application pursuant to sections 3220 and 3226 Revised Statutes for refund, during the pendency of which application said corporation was granted leave to amend and did amend its return of net income in strict accordance with the rules and regulations promulgated February 14th, 1911, sections 80 to 89 T. D. 1675, resulting in an amended return based upon cost as provided in said regulations and showing claimed deductions therefrom less than the corporation's net realizations for the year from the ore actually mined, is such corporation entitled to an allowance of deductions and refund of taxes accordingly?

"4. In what, if any, way is the right to such claimed deductions affected by the fact that such corporation, in obedience to requirements imposed by the Commissioner of Internal Revenue at the time of filing its amended returns showing the cost value as of January 1st, 1909, of the ores mined during the year, caused to be entered in its official books of account and printed in its annual report of that current year to all of its stockholders and to the public, a statement of the total amount of ore exhaustions, multiplied by the unit cost per ton on its mining properties for that and all previous years?"

In the brief submitted for the Goldfield Consolidated Mines Company counsel frankly admit that if this court is to adhere to the principles laid down in *Stratton's Independence* v. *Howbert*, 231 U. S. 399, and *Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503, those cases are conclusive against the contentions of the Mines Company in this proceeding. In view of the discussion of the nature

of mining property in *Stratton's Independence* v. *Howbert,
supra,* and the application of the principles therein laid
down in the subsequent cases of *Stanton* v. *Baltic Mining
Co.,* 240 U. S. 103, and *Von Baumbach* v. *Sargent Land
Co., supra,* it is unnecessary to enter upon further con-
sideration of the matters disposed of in those cases. We
find no occasion to depart from the principles therein an-
nounced, or the rulings therein made. They have been
reaffirmed in the case of *United States* v. *Biwabik Mining
Co., ante,*116. In this view it follows that the first and
second questions must be answered in the negative, and
that it is unnecessary to answer the third and fourth
questions.

*So ordered.*