Booth, Judge,
delivered the opinion of the court:
The plaintiff filed its consolidated tax return for the taxable year 1920 on February 25, 1921. The return so filed reported in totals as follows: “ Net income, $285,773.49; invested capital, $2,158,363.81; income tax, $26,175.26; excess-profits tax, $22,020.88; total tax, $48,196.14.” The Commissioner of Internal Revenue caused an examination and audit of plaintiff’s books of account, in consequence of which plaintiff’s net income was increased to $337,115.76 and its. invested capital decreased to the sum of $956,749.76, resulting in an additional assessment of $57,916.92 income and excess-profits tax. The sum of $302,925.11 of the entire net *395 income upon which the above tax was assessed was derived by the plaintiff from the sale of oil and gas produced from leases upon homestead and surplus Indian lands, and the claim is made herein that all of this sum is free from taxation because of this fact. The issue with respect to this item is concluded adversely to the plaintiff by the decision of the Supreme Court in the case of Heiner v. Colonial Trust Company, announced November 21, 1927, 275 U. S. 232.
The commissioner reduced the consolidated invested capital of the plaintiff by deducting from its reported invested capital $697,842.65 for depletion and $128,579.59 for depreciation sustained by plaintiff on its oil and gas properties during the years 1914 to 1919, inclusive. Plaintiff challenges the validity of the deduction and seeks to recover $38,138.32, illegally exacted in pursuance of the commissioner’s ruling. The basis for plaintiff’s contention is the wording of sections 325-326 of the revenue act of 1918 (40 Stat. 1091-1092), asserting that invested capital under the law is purely a statutory concept and is not to be reduced by depletion and depreciation. We can not sustain the contention. Section 312 of the revenue act of 1918 (40 Stat. 1091) provides for exemptions in ascertaining excess-profits taxes. Sections 325-326 point out the manner of ascertaining invested capital from these sections. It is apparent that invested capital may be increased by the addition of earned surplus and undivided profits. The regulations of the bureau point out that only “ true-earned surplus and undivided profits can be included in the computation of invested capital ” and in computing earned surplus and undivided profits reasonable allowances for depreciation and depletion are made. See articles 838 and 839, Regulations 45, 1920 edition. As pertinently observed in the defendant’s brief, “the regulations treat these items as an impairment of capital which must be made good before there can be any surplus or undivided profits.” The commissioner must under section 312 ascertain invested capital, and the regulations cited above have been in force and followed by the bureau since the first enactment of the statute, and were so in force, observed and followed when the revenue act of 1921 was enacted. Komada *396 & Co. v. United States, 215 U. S. 392. See also United States v. Ludey, 274 U. S. 295.
The petition will be dismissed. It is so ordered.
Moss, Judge; Gkaham, Judge; and Campbell, Chief Justice, concur.