ERNEST E. LLOYD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40875.   Promulgated March 11, 1931.

*Robert N. Miller, Esq., J. Robert Sherrod, Esq.,* and *J. C. Ristine, Esq.,* for the petitioner.

*W. Frank Gibbs, Esq.,* for the respondent.

676

## OPINION.

MARQUETTE: The question here presented is whether the amount of $2,810.65 paid by the petitioner for attorneys' fees and expenses of a suit against W. T. P. Wardrop is a proper deduction in computing the petitioner's net income for 1924. He contends that as the expenditures in question were incurred in connection with a lawsuit brought by him personally, but with the object of protecting the business prosperity of the corporation from which he derived a large portion of his income, as well as protecting his own reputation, the amounts so expended should be deemed business rather than personal expenses, and therefore deductible.

The pertinent statutes are section 204 (a) (1) and 215 (a) (1) of the Revenue Act of 1924, which provide that:

Sec. 214. (a) In computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *.

\*          \*          \*          \*          \*          \*          \*

Sec. 215. (a) In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses;

\*     \*     \*     \*     \*     \*     \*

The petitioner, in support of his contention, cites several decisions of this Board, namely, *E. L. Potter*, 20 B. T. A. 252; *O'Day Investment Co.*, 13 B. T. A. 1230; *Edward A. Pierce*, 18 B. T. A. 447; *Harold Mortenson*, 3 B. T. A. 300, and *Fred Dennett*, 7 B. T. A. 1173. An examination of these decisions reveals that in each instance the deduction allowed was for an expense which not only grew out of, or proximately resulted from, the taxpayer's business, but was also solely attributable to that business, and to nothing else. In the present proceeding the litigation expenses were not incurred solely to protect the petitioner's business interests, but also to protect his own good name from slander and vilification. This fact, in our opinion, definitely distinguishes the petitioner's case from the decisions cited by him. Our decision in *Forty-four Cigar Co.*, 2 B. T. A. 1156, is more nearly in point. There a relative of the president and principal stockholder of a corporation had caused domestic trouble for the president and had damaged his financial affairs, all of which reacted to the detriment of the corporation's business. In order to induce a cessation of the pernicious activities of the president's relative, the corporation furnished the money for a settlement, and claimed the amount as a deduction. In denying the claim, we said:

In final analysis the money and credit of the corporation were paid out for the purpose of settling disagreement in the family of the president of the company, who owned practically all of the stock. \* \* \*. That the relative's pernicious activities, if continued, would probably have resulted in the ruin of the corporation's business does not, in our opinion, render the payments a loss to, or an ordinary and necessary business expense of the corporation, or deprive them of their essential character as personal expenditures of its president.

The facts in that case present a much stronger appeal for allowance of the deduction than do the facts now before us. In each proceeding the personal affairs of the corporation president were interwoven with the business welfare of the corporation; but in *Forty-four Cigar Co.*, *supra*, the corporation had already suffered damage, was faced with a strong probability of ruin if the trouble was not stopped, and from its own funds furnished the money for a settlement. In the present proceeding no loss or damage to petitioner's business interests, nor to the corporation which he headed, had occurred when the controverted expenditures were made, and whether any such loss ever would result from the slanderous statements concerning the petitioner was wholly conjectural. The personal element in the present proceeding was greater, and the element of injury to business interests was far less, than in the *Forty-four Cigar Co.* case. See also, *George L. Rickard*, 12 B. T. A. 836.

The petitioner also relies upon *Kornhauser* v. *United States*, 276 U. S. 145. We think that case also is readily distinguishable upon the facts from this proceeding. There, the litigation was between business partners over an accounting of the partnership profits. It grew out of the business, was directly and solely connected with the business interests of the partners, and did not embrace the purely personal element which we find in the instant case. It is our opinion that the petitioner's litigation expenses do not fall within the scope of section 214 (a) of the statute, above quoted. We find no error in the determination complained of in this proceeding.

*Judgment will be entered for the respondent.*