## LLOYD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4648.

Circuit Court of Appeals, Seventh Circuit.
Feb. 8, 1932.

J. Robert Sherrod, Robert N. Miller, and John C. Ristine, all of Washington, D. C. (Miller & Chevalier, of Washington, D. C., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Wm. Cutler Thompson and Sewall Key, Sp. Assts. to Atty. Gen., and Dwight H. Green, of Chicago, Ill. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Owen W. Swecker, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

The petitioner was, during the year 1924, and for many years prior thereto had been, a resident of the city of Chicago, Ill. He was president and general manager of the E. E. Lloyd Paper Company during all of the time in question, owning a majority of the stock of that company. In the month of February, 1924, petitioner attended the annual conventions of the American Pulp & Paper Association and the Jobbers' & Merchants' Association in New York City. While attending these conventions, he learned that one W. T. P. Wardrop, of Boston, Mass., was circulating false statements and deroga-tory remarks concerning his reputation and character for integrity, reliability, and sobriety, and that these statements and remarks were being brought to the attention of his customers and competitors.

In order to protect his reputation and incidentally to protect the business of the E. E. Lloyd Paper Company, petitioner filed a suit for damages for slander against Wardrop in the circuit court of Suffolk county, Mass., knowing at the time the suit was filed that any judgment that might be rendered in his favor would be uncollectable. As a result of this suit, he recovered judgment against Wardrop, but never realized anything thereon. In connection with this suit he expended the sum of $2,810.65 during the year 1924 for attorneys' fees and expenses, which sum was deducted by him in determining his taxable income for that year. Respondent disallowed this deduction and determined a deficiency income tax for the year 1924 in the sum of $604.56. This determination was approved by the Board of Tax Appeals, from which decision this appeal was prosecuted.

The question presented is whether or not the attorneys' fees paid and the expenses incurred by petitioner in the prosecution of this slander suit are deductible as ordinary and necessary expenses of his trade or business in computing his net income for the year 1924.

Section 214 (a) of the Revenue Act of 1924, 26 USCA § 955 (a) (1), provides that in computing net income there shall be allowed as deductions: "(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *."

Section 215 (a) of the above act, 26 USCA § 956 (a) (1), provides that in computing net income no deduction shall in any case be allowed in respect of "(1) Personal, living, or family expenses. * * *"

It is the contention of petitioner that he is entitled, under section 214 (a), in computing his net income for the year 1924, to deduct the amount paid by him for attorneys' fees and expenses in the aforementioned slander suit as an "ordinary and necessary expense paid or incurred" in carrying on his business. The respondent contends that such expenditures were purely personal and come within the provisions of section 215 (a), and are, therefore, not deductible.

It is apparent that the Revenue Act does not permit a taxpayer to deduct from his

gross income all losses sustained by him during any given year in determining his net or taxable income. Such losses or expenditures as are. permitted to be deducted are purely statutory. A taxpayer, in making his tax return, has no right to any deductions from his gross income unless such deductions are provided for by the Revenue Statute. Lynch v. Alworth-Stephens Co., 267 U. S. 364, 45 S. Ct. 274, 69 L. Ed. 660; Goldfield Consol. Mines Co. v. Scott, 247 U. S. 126, 38 S. Ct. 465, 62 L. Ed. 1022; Von Baumbach v. Sargent Land Co.· et al., 242 U. S. 503, 37 S. Ct. 201, 61 L. Ed. 460.

■ If, therefore, the attorneys' fees and expenses paid by petitioner are ordinary and necessary expenses incurred by him in carrying on his business, then, under section 214 (a), he is entitled to have such payments deducted. In order that such payments may meet the requirements of the statute, they must be both an *ordinary* expense and a *necessary* expense. Hubinger v. Com'r of Int. Rev. (C. C. A. 2d) 36 F.(2d) 724.

■ There can be no doubt that the slanderous reports circulated by Wardrop were such as would tend to blacken the character or reputation of petitioner. This was a personal injury, however, and one for which, under the law, he was entitled to recover damages. The suit was not instituted by the corporation of which he was president, but by petitioner himself. In practically every case where slanderous reports are circulated about an individual and damage his character or reputation, such reports affect indirectly, and, to a certain extent, the business in which he is engaged. Any expense, however, incurred by him in defending his good name under such circumstances, cannot be said to be *ordinary and necessary expenses incurred in carrying on his business.*

"Slander" has been defined to be "words falsely spoken, which are injurious to the reputation of another." Bouv. Law Dict., Vol. 3, page 3079. This definition indicates that when the slanderous words spoken are about the reputation of an individual, such individual himself is the one who suffers the injury. Any damages recovered for such injury is recovered by the individual. Applying this rule to the instant case, the injuries were suffered by the petitioner, and had he collected the amount of the judgment, such sum would have been his own private property and would have had no connection whatsoever with his business. The E. E. Lloyd Paper Company neither profited nor lost by the suit. The fact that petitioner was unable to collect the judgment which he recovered does not alter or change the situation.

The expenses incurred in the prosecution of the slander suit were not *ordinary and necessary expenses incurred in carrying on his business,* and he was, therefore, not entitled to deduct the amount thereof in determining his net income for the year 1924, under section 214 (a). Such expenses were personal and fall within the provision of section 215 (a).

The decision of the Board of Tax Appeals is affirmed.