### GRAND RAPIDS STORE EQUIPMENT CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 5960.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

J. H. Amberg, of Grand Rapids, Mich. (Butterfield, Keeney & Amberg, of Grand Rapids, Mich., and Jacob S. Seidman, of New York City, on the brief), for petitioner.

Helen R. Carloss, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and Harold Allen, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Petitioner is a Michigan corporation with its principal place of business at Grand Rapids. It was incorporated on January 1, 1904, for the purpose of taking over and continuing the business of a partnership theretofore known as the Grand Rapids Show Case Company. Having theretofore built up a lucrative business in the manufacture and installation of cabinets, show cases, and all forms of store equipment, its business in cabinets having pull-out racks for the display of ready-made clothing was seriously threatened by the introduction of a revolving wardrobe manufactured by the Architectural Woodworking Company. An application for letters-patent upon this device was pending, such application having been made by Oscar L. Smith, who, with J. G. McCrorey, owned all the capital stock of the Architectural Woodworking Company.

By an agreement executed in July, 1910, the petitioner purchased all of the assets of the Architectural Woodworking Company, including rights of manufacture under the patent application or any patent which might thereafter be issued thereon. Interferences then pending in the Patent Office were thereupon terminated, and priority of the Smith invention was conceded. The patent issued March 21, 1911, being patent No. 987,183. The consideration paid to McCrorey for his interest in the patent was $85,000, Smith continuing to draw royalties in various amounts ranging from $4.75 to $8.80 per cabinet. The proceedings before

the Board of Tax Appeals were for the redetermination of deficiencies in income and profits taxes for the years 1918 to 1921, inclusive, and a proper determination of such taxes depended primarily upon the March 1, 1913, valuation to be placed upon the patent above mentioned. The Board of Tax Appeals fixed this valuation at $200,000. Petitioner claims that the undisputed evidence before the Board of Tax Appeals disclosed a value of $2,500,000, and that the Board therefore erred in fixing a lower value. This contention is based very largely, if not wholly, upon the opinion evidence of petitioner's officers.

■■ The present case is not one such as Ralston Steel Car Co. v. Commissioner, 53 F.(2d) 948 (C. C. A. 6), where the Board of Tax Appeals in effect had denied the taxpayer the right to include the depreciated value of patents in invested capital and to make annual deductions for depreciation, but is one in which the petitioner complains solely on the ground that the March 1, 1913, value was fixed too low, with a resulting undervaluation of invested capital and insufficient allowance for depreciation. Under such circumstances the determination here depends solely upon whether the finding of the Board is supported by any substantial evidence. Tracy v. Commissioner, 53 F.(2d) 575 (C. C. A. 6); Uncasville Mfg. Co. v. Commissioner, 55 F.(2d) 893 (C. C. A. 2). As held by both of these cases, the Board of Tax Appeals is not obligated to accept opinion evidence as to value; but in every case the question must remain whether the value fixed by the Board of Tax Appeals is arbitrary and unsupported by substantial evidence, or represents a judicial determination reasonably founded upon evidence before the Board. Some decisions have introduced the further corollary that, in rejecting opinion evidence, the Board of Tax Appeals may base its finding upon its own knowledge, experience, and judgment [Cf. Pittsburgh Hotels Co. v. Commissioner, 43 F.(2d) 345 (C. C. A. 3)], but the extent to which this principle is here applicable need not be decided. It is unnecessary to say more than that, ordinarily, an administrative tribunal charged with the duty of valuing property for taxation may call to its aid any general knowledge it may have of the subject-matter, and that a valuation so fixed in good faith may not thereafter be held invalid solely by reason of the fact that it was not susceptible to exact mathematical computation, or because, upon the same evidence, opinions may greatly differ.

■■ The Board had before it the testimony of the price paid to McCrorey for his interest ($85,000), the earnings of the petitioner before and after acquisition of the patent, the amount of royalties paid to Smith by petitioner, and the amount of royalties received from other licensees, the proportion of petitioner's business consisting of sales of the patented wardrobe, the cost of patents charged to expense upon petitioner's books, advertising expenses in general, and other facts more or less pertinent to a determination of value. It is to be assumed, we think, that the Board of Tax Appeals had such general knowledge of the value of patents, depending upon a variety of factors, as is possessed by those who come into constant contact with such questions. Under such assumption, and in view of the evidence presented and of the uncertainty as to validity of the patent on March 1, 1913, for it had then not yet been adjudicated, we are unable to say that the decision of the Board of Tax Appeals was wholly unsupported by substantial evidence. The burden being upon the petitioner to establish this fact [Austin Co. v. Commissioner, 35 F.(2d) 910 (C. C. A. 6); Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184], and the court being under no obligation to reweigh the evidence [Refling v. Burnet, Commissioner, 47 F.(2d) 859 (C. C. A. 8)], the decision of the Board of Tax Appeals is affirmed.