**ALDREW OIL & GAS CO. v. ALEXANDER, Collector of Internal Revenue.**

**BERGEN OIL & GAS CO. v. SAME.**

**Nos. 906, 907.**

Circuit Court of Appeals, Tenth Circuit.

March 21, 1934.

Charles H. Garnett, of Oklahoma City, Okl., for appellants.

John G. Remey, Sp. Asst. to Atty. Gen. (Frank J. Wideman and Sewall Key, Sp. Assts. to Atty. Gen., on the brief), for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

These appeals present one question: In arriving at the earned surplus of an oil company for the purpose of the excess profits tax, should the actual depletion of the property at the beginning of the taxable year be taken into account, or only the depletion which the government allowed in assessing income taxes for the preceding years?

The excess profits taxing statute was designed to reach profits which were in excess of a normal return on the moneys invested. The greater the investment, therefore, the less the tax. In defining invested capital, Congress included amounts paid into either the capital or surplus account by the stockholders, a sum which remained a part of the investment even though impaired by losses. In addition it recognized earnings which were not distributed, but were left in the business. That provision is (Revenue Act 1917, Title 2, § 207 (a), 40 Stat. 306:

"(3) Paid in or earned surplus and undivided profits used or employed in the business, exclusive of undivided profits earned during the taxable year."

Earnings left in the business are not surplus or undivided profits, as used in this act, if the capital is impaired; earnings must first be used to restore impairment of capital. Surplus and undivided profits are the excess of the assets of a corporation over its liabilities, including its capital. Willcuts v. Milton Dairy Co., 275 U. S. 215, 48 S. Ct. 71, 72 L. Ed. 247; Edwards v. Douglas, 269 U. S. 204, 46 S. Ct. 85, 70 L. Ed. 235; Helvering v. Canfield, 54 S. Ct. 368, 78 L. Ed. ——. Cf. La Belle Iron Works v. United States, 256 U. S. 377, 41 S. Ct. 528, 65 L. Ed. 998; Golden Cycle Corporation v. Commissioner (C. C. A. 10) 51 F.(2d) 927; Ralston Steel Car Co. v. Commissioner (C. C. A. 6) 53 F.(2d) 948. The Willcuts Case dealt with an operating deficit; but capital may be as readily and effectively impaired by depletion, depreciation, or uncompensated losses as by a loss through operations.

The parties have stipulated in the cases at bar that the actual depletion—the draft on its oil reserves—sustained by appellants during the years 1913 to 1915, inclusive, was $32,555.91. During those years, they were allowed by the laws then in force a credit for depletion in computing their income taxes for those years, in the sum of $16,683.69. In arriving at their earned surplus for the years 1917 to 1920 inclusive—the tax years involved here—the taxpayers charged themselves with the depletion allowed, and not with the depletion sustained. The Commissioner ruled that the surplus must reflect the true condition of the company, and take into account the actual depletion of its oil reserves. The trial court approved.

The Commissioner and trial court were

right. Laying to one side, for the moment, the regulations and the decisions, it must be apparent that the assets of a corporation, on a given date, are what it has on that date. Appellants' oil reserves in 1917 were what was then left of them; oil taken out in preceding years must be deducted from the original reserves. Otherwise, a distorted picture is presented. If a refinery sold 100,000 barrels of gasoline from its storage in 1915, its 1916 statement, to be a true one, must reflect that withdrawal. So here, in arriving at the surplus account, the assets of appellants must be valued; oil taken out in 1913 to 1915 cannot be counted among the assets in 1917 to 1920. An earned surplus account, if it be honest, must reflect depletion actually sustained. Whether, as a matter of grace, the government allowed credit for all, part, or none of it in assessing a tax on income during the preceding years, has nothing at all to do with the facts as they are in 1917.

Experienced counsel for appellants does not seriously dispute this fundamental of accounting. His reliance is largely upon United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054. That case involved the profit, assessable as income, realized on the sale of an oil property. The court held that in arriving at the profit the cost to the seller should be reduced by depletion of the oil reserves and depreciation of the equipment during his ownership. The taxpayer claimed that such depletion was the amount for which he had taken credit in his income tax returns during his ownership. The Commissioner contended that the facts should govern and the taxpayer charged with the depletion actually sustained, whether taken or not. The court held neither was right; that he should be charged with the amount which the statutes in effect during his ownership permitted him to take, no more and no less.

There is an element of essential fairness in the Ludey Case. While adhering to the established doctrine,[1] which many think fallacious, that when one recovers oil or ore from a limited reserve acquired by purchase he does not dispose of a part of his capital, and while recognizing the rule that an allowance for depletion is an act of grace only,[2] the decision nevertheless took into account the situation of the taxpayer, and held that he should be charged only with the depletion which Congress had recognized during the years of his ownership. The rule therefore is that in computing profit on the sale of a mining property, depletion allowable, and not depletion sustained, is the figure to be used. If the law ended there, much could be said for appellants' present contention.

But the law does not end there. In Thompson Oil & Gas Co. v. Commissioner, 40 F.(2d) 493, this court was confronted with the question of determining the cost of oil reserves remaining on January 1, 1918, for the purpose of ascertaining the proper depletion allowance for that year. There the taxpayer contended that in arriving at the 1918 cost of oil reserves, there should be deducted from acquisition cost only the depletion allowed in preceding years, and not that actually sustained. While the Ludey Case had to do with ascertainment of cost to arrive at the profit on a sale, and the Thompson Case with such ascertainment for purpose of a depletion allowance, this court, thinking it was following the principle of fairness laid down in the Ludey Case, pushed that case another step, a step that proved to be too far.

The Supreme Court granted certiorari and in Burnet v. Thompson Oil & Gas Company, 283 U. S. 301, 51 S. Ct. 418, 420, 75 L. Ed. 1049, held that sustained and not allowed depletion must be taken into account in arriving at an answer to the question "how much of the oil reserve remains at the beginning of a taxable year to be depleted over the period remaining until exhaustion." That is the question in this case—what oil reserves remained during the years in dispute. Surplus cannot be determined until that fact is determined. Furthermore, as was pointed

---

[1] Stratton's Independence v. Howbert, 231 U. S. 399, 34 S. Ct. 136, 58 L. Ed. 285; Stanton v. Baltic Mining Co., 240 U. S. 103, 36 S. Ct. 278, 60 L. Ed. 546; Von Baumbach v. Sargent Land Co., 242 U. S. 503, 37 S. Ct. 201, 61 L. Ed. 460; United States v. Biwabik Mining Co., 247 U. S. 116, 38 S. Ct. 462, 62 L. Ed. 1017; Alexander v. King (C. C. A. 10)

46 F.(2d) 235, 74 A. L. R. 174; Goldfield Consol. Mines Co. v. Scott, 247 U. S. 126, 38 S. Ct. 465, 62 L. Ed. 1022.

[2] Stanton v. Baltic Mining Co., 240 U. S. 103, 36 S. Ct. 278, 60 L. Ed. 546; Burnet v. Thompson Oil & Gas Co., 283 U. S. 301, 51 S. Ct. 418, 75 L. Ed. 1049; Darby-Lynde Co. v. Commissioner (C. C. A. 10) 51 F.(2d) 32.

out in the Thompson Case, the courts should not, by interpretation, undertake in later years to make up deficits in depletion for preceding years, resulting from the fact that existing statutes did not make adequate allowances. Each year must stand on its own, unless Congress authorizes a carry-over.

We are invited to distinguish the Ludey and Thompson Cases. The Supreme Court's distinction is in the Thompson opinion, and may be read. The Thompson Case is closer to the facts here than the Ludey Case; besides, it is later.

Both reason and controlling authority support the decision of the trial court. So do the pertinent regulations. Art. 838, Reg. 45, promulgated under the 1918 act, provides that "only true earned surplus and undivided profits can be included in the computation of invested capital," and that "full recognition must first be given to * * * depletion of property." And Article 839 provides, "Depletion, like depreciation, must be recognized in all cases in which it occurs. Depletion attaches to each unit of mineral or other property removed, and the denial of a deduction in computing net income under the Act of August 5, 1909 or the limitation upon the amount of the deduction allowed under the Act of October 3, 1913, does not relieve the corporation of its obligation to make proper provision for depletion of its property in computing its surplus and undivided profits."

■ These regulations concededly cover this case. They guided the Commissioner in his administration of the Excess Profits Tax law until it was repealed. Congresses met and adjourned without disturbing them. Under such circumstances, they will not be disturbed except for reasons more weighty than disclosed by this record. Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457; United States v. Dakota-Montana Oil Co., 288 U. S. 459, 53 S. Ct. 435, 77 L. Ed. 893; Murphy Oil Co. v. Burnet, 287 U. S. 299, 53 S. Ct. 161, 77 L. Ed. 318; Ramsey v. Commissioner (C. C. A. 10) 66 F.(2d) 316, certiorari denied 54 S. Ct. 91, 78 L. Ed. ——. Cf. Alexander v. Cosden Pipe Line Co., 290 U. S. 484, 54 S. Ct. 292, 78 L. Ed. 452. This particular regulation has been applied by the courts. Willcuts v. Milton Dairy Co., 275 U. S. 215, 48 S. Ct. 71, 72 L. Ed. 247; Cortez Oil Co. v. United States, 64 Ct. Cl. 390, certiorari denied 277 U. S. 600, 48 S. Ct. 561, 72 L. Ed. 1008.

The judgments are affirmed.