William W. Harper v. Commissioner.
Harper v. Commissioner
Docket No. 511-62.
United States Tax Court
T.C. Memo 1963-150; 1963 Tax Ct. Memo LEXIS 196; 22 T.C.M. (CCH) 705; T.C.M. (RIA) 63150; May 29, 1963
*196 Amounts paid by petitioner in settlement of a tenant's suit for damages for invasion of privacy and legal fees paid in connection with that litigation were not deductible as expenses paid to protect petitioner's business of selling and renting real estate. They were nondeductible personal expenses. William W. Harper, pro se., 215 Virginia Ave., Chester, W. Va. John H. Menzel, for the respondent. *197 DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1959 in the amount of $742.59. The only issue is whether petitioner may deduct as business expense the amount of $3,350 he paid in settlement of and as attorney's fees in connection with a suit for invasion of privacy brought against him by a tenant of petitioner. Findings of Fact Petitioner resides in Chester, West Virginia, and filed a joint Federal income tax return with his wife, Mary, for the calendar year 1959 with the district director of internal revenue, Parkersburg, West Virginia. [1]
Petitioner has been a resident of Chester for 33 years. His primary occupation is teaching science in the junior high school there. Petitioner is also in the business of selling and renting real estate. During the years 1956 and 1957, petitioner owned certain real estate on the main street of Chester and around the corner on an intersecting street. Situated on the main street property was *198 a building or buildings containing some apartments rented to various individuals, and commercial space rented to a finance company and a wallpaper store. Around the corner was a small room used by petitioner as an office in conducting his business of renting and selling real estate. In June 1957, Adeline Roach, a tenant in one of the apartments owned by petitioner, filed suit against petitioner alleging an invasion of her privacy due to petitioner's installation of a listening device in her apartment connected to his office whereby he could and did hear everything said and done in her apartment and seeking damages in the amount of $50,000. On November 25, 1957, an order sustaining the demurrer filed by petitioner and dismissing the case with prejudice was entered by the Circuit Court of Hancock County, West Virginia. The Supreme Court of Appeals of West Virginia reversed the judgment of the Circuit Court and on November 11, 1958, remanded the case for trial on the merits. A trial by jury was held in the Circuit Court of Hancock County commencing on March 23, 1959, which lasted several days. The jury rendered a verdict in favor of plaintiff Roach and against this petitioner, awarding *199 Roach compensatory damages of $5,000 and punitive damages of $10,000. In December 1959 the judge of the Circuit Court sustained petitioner's motion for a new trial on the grounds that the verdict was excessive. Later the same day an order was entered on the joint motion of the parties dismissing the suit as settled. During 1959 petitioner paid Roach $1,500 in settlement of the suit. During 1959 petitioner also paid legal fees in connection with the aforementioned litigation in the amount of $1,850. Petitioner settled the case on the advice of his attorney to avoid subjecting his wife and family to further harassment and embarrassment, and to save his job, his health, and his reputation. Petitioner claimed both the $1,500 settlement payment and the $1,850 legal fees as an expense of his rental business on his 1959 return. Respondent determined in his notice of deficiency that the amounts were not allowable as deductions under section 162(a) or any other provision of the Internal Revenue Code of 1954. Opinion Petitioner explained at the trial and on brief that he claimed the expenditures in issue to be deductible because they were necessary to protect his real estate brokerage *200 and rental business. Section 162(a) of the Code allows a deduction for all the ordinary and necessary expenses paid or incurred in carrying on any trade or business, and section 212 allows a deduction for all the ordinary and necessary expenses paid or incurred for the production or collection of income and for the management, conservation, or maintenance of property held for the production of income. Under both sections the expenses, to be deductible, must be both "ordinary" and "necessary" and must be proximately related to one of the above income-producing activities of the taxpayer. Welch v. Helvering, 290 U.S. 111 (1933); Lykes v. United States, 343 U.S. 118 (1952); secs. 1.162-1(a) and 1.212-1(d), Income Tax Regs. Under section 262 of the Code no deduction is allowed for personal, living, or family expenses unless expressly provided. We recognize that expenditures made by a taxpayer to protect an established business are deductible as ordinary business expenses. C. Doris H. Pepper, 36 T.C. 886 (1961). But in our opinion the expenditures here involved were made to protect the petitioner personally and any protection afforded his business *201 was only incidental. The expenditures were personal in nature and did not arise out of, nor were they proximately related to, any business or income-producing activity of petitioner. The amount paid as settlement was paid to settle a judgment for damages for invasion of privacy, and the attorney's fees were incurred to defend petitioner against this alleged personal wrong done by him. The alleged invasion of privacy did not occur in the conduct of petitioner's business or income-producing activities, cf. John W. Clark, 30 T.C. 1330 (1958), nor was it proximately related to his real estate and rental business. Petitioner's reliance on C. Doris H. Pepper, supra, is misplaced. There, this Court found that a part of the taxpayers' law practice was recommending investments to their clients, that the transaction which gave rise to taxpayers' payments to creditors of Plymouth Creations arose out of this phase of taxpayers' business, and that the expenditures were made to protect this established business. Here, the alleged invasion of privacy which gave rise to the expenditures was in no way related to any phase of petitioner's income-producing activities. As *202 petitioner testified, the payments were made to protect petitioner's personal reputation and to avoid further embarrassment to his family. They were personal expenses, nondeductible under section 262. The fact that damage to petitioner's personal reputation might make it more difficult for him to engage in business in the community does not make expenditures to protect against such damage deductible within the meaning of sections 162(a) and 212. The charge of invasion of privacy was not directed at destroying petitioner's trade or business but was directed at petitioner as an individual. The effect upon petitioner's business, harmful though it might be, was merely incidental to the harm to the individual. Lewis v. Commissioner, 253 F. 2d 821 (C.A. 2, 1958), affirming 27 T.C. 158 (1956). It also appears that the payments were more directly related to protecting petitioner personally from payment of a large amount of damages than to protecting petitioner's business. The payments were made to protect the individual rather than his business. Lloyd v. Commissioner, 55 F. 2d 842 (C.A. 7, 1932), affirming 22 B.T.A. 674 (1931). As such *203 they were personal expenses and nondeductible. Decision will be entered for the respondent. Footnotes
1. Although the notice of deficiency was addressed to both petitioner and his wife, only petitioner filed a petition in this Court.↩